**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (805) 994-0177
Facsimile: (805) 994-0197

**TATAR LAW FIRM, APC**
Stephanie R. Tatar, Esq. (237792)
stephanie@TheTatarLawFirm.com
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146

*Attorneys for Plaintiff,*
Nicholas Daniel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS DANIEL,<br><br>Plaintiff,<br><br>v.<br><br>CAPITAL ONE BANK (USA) N.A.; DISCOVER FINANCIAL SERVICES LLC; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. NICHOLAS DANIEL ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CAPITAL ONE BANK (USA) N.A. ("Capital One"); DISCOVER FINANCIAL SERVICES LLC ("Discover"); EQUIFAX INFORMATION SERVICES LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and, TRANS UNION LLC ("Trans Union") with regard to Defendants' continued misrepresentations of Plaintiff's personal liability for a fraudulent debt and this conduct caused Plaintiff damages.

3. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

4. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

5. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1681.

7. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA").

8. Because Defendants conduct business within the State of California, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Experian resides within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

10. Plaintiff is a natural person from whom various entities, including Capital One and Discover, sought to collect fraudulent debts.

11. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

12. Capital One is a corporation based in the State of Virginia.

13. Discover is a corporation based in the State of Utah.

14. Capital One and Discover are each a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

15. Experian is a corporation located in Costa Mesa, California.

16. Equifax is a company located in the State of Georgia.

17. Trans Union is a company located in the State of Pennsylvania.
18. Equifax, Experian, and Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

19. In or about October 2015, Plaintiff began dating an individual named Ricardo Linares, Jr. ("Linares").
20. While this appeared to be an ideal relationship, Plaintiff eventually learned that Linares betrayed Plaintiff's trust by using Plaintiff's personal information to open multiple credit cards in Plaintiff's name but without Plaintiff's knowledge or consent.
21. Linares opened two such credit cards with Capital One, and Discover, as well as another credit card with Synchrony Bank.
22. Linares utilized his mother's address in Palm Springs, CA 92262, to open these fraudulent accounts.
23. As a result, the billing statements as well as all other written communications were sent to Palm Springs instead of to Plaintiff.
24. Plaintiff has never lived at this address nor in Palm Springs.
25. In addition, Plaintiff has never represented to any individual that he lived at the East Stevens Road address nor in Palm Springs.
26. Linares eventually admitted to Plaintiff that he opened multiple accounts in Plaintiff's name.
27. Linares also informed Plaintiff that he would take full responsibility for each account.
28. Plaintiff and Linares contacted Discover and Capital together and Linares admitted that the accounts were his alone.
29. Despite this admission, both Discover and Capital One continued to hold Plaintiff personally liable for the fraudulent accounts.

30. Linares also enrolled in various debt consolidation programs and informed Plaintiff that Linares would resolve each of the fraudulent accounts.
31. Plaintiff ended the relationship with Linares in November 2018.
32. Following the breakup, Linares informed Plaintiff that Linares would continue to resolve the fraudulent accounts and was making efforts with this process through the debt consolidation programs.
33. In June 2020, however, Plaintiff was served with a lawsuit filed in the Tazewell County Court entitled *Portfolio Recovery Associates, LLC v. Nicholas Daniel*, court case no. 2020-SC-000409 (the "Collection Action").
34. Plaintiff immediately investigated further and determined that the original creditor in the Collection Action was Synchrony, a fraudulent account opened by Linares.
35. Plaintiff contacted Portfolio Recovery Associates' counsel, Blitt and Gaines, P.C., regarding the fraudulent nature of the Synchrony debt.
36. In connection with these disputes, Plaintiff completed an Identity Theft Affidavit from the Federal Trade Commission ("FTC") as well as Portfolio Recovery Associates' Identity Theft Affidavit.
37. Plaintiff's Fraud Affidavits declared that (1) Plaintiff did not authorize anyone open the accounts; (2) Plaintiff did not receive any benefit from the fraudulent transactions; and, (3) Plaintiff is willing to work with law enforcement to investigate the fraud.
38. Said Fraud Affidavits also identified Linares as the fraudster; provided a narrative as to the basis of Plaintiff's belief that Plaintiff is the victim of identity theft; included signature samples; and, was notarized.
39. Portfolio Recovery Associates notified Plaintiff via written communication dated August 26, 2020 that it had investigated Plaintiff's identity theft claims and agreed that Plaintiff was not responsible for the debt.

CASE NO.:                                   4 of 11                         *Daniel v. Capital One, et al.*
COMPLAINT

40. As such, Portfolio Recovery Associates closed the account and confirmed that it would delete its tradelines from Plaintiff's credit reports.
41. Concurrently with the Portfolio Recovery Associates disputes, Plaintiff submitted multiple written disputes to the Credit Bureaus in July 2020 pursuant to 15 U.S.C. § 1681i(a).
42. These written disputes also included a narrative explaining why Capital One, Discover, and Synchrony / Portfolio Recovery Associates tradelines were inaccurate.
43. Plaintiff also disputed an address that did not belong to him.
44. Plaintiff attached his Fraud Affidavits to his written disputes to the Bureaus.
45. Upon information and belief, the Credit Bureaus timely notified the Furnishers of Plaintiff's disputes and included the documents provided therewith.
46. The Furnishers were each required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).
47. The Credit Bureaus were separately required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.
48. Plaintiff received notification from the Credit Bureaus in August 2020 that all Defendants received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and were providing the results of the reinvestigation.
49. While the Synchrony account and a disputed address were deleted from Plaintiff's credit report, Capital One and Discover verified their inaccurate reporting through each of the Credit Bureaus.
50. Defendants' respective investigations were unreasonable.

51. More specifically, Capital One and Discover should have discovered from their own records, including Plaintiff's formal dispute and Linares' admission, that the information being reported was inaccurate and materially misleading.

52. Despite Plaintiff's efforts, Defendant Credit Bureaus have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

53. Despite Plaintiff's efforts, Defendant Furnishers have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) reviewed any relevant information concerning Plaintiff's disputes it received from the Credit Bureaus; and (4) reviewed any credit applications, billing statements or account notes or other relevant documents.

54. The unreasonableness of the investigations is further supported by the fact that Portfolio Recovery honored Plaintiff's disputes based upon the exact same information.

55. Accordingly, Capital One and Discover failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

LOKER LAW, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

56. Capital One and Discover each failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).
57. Due to Capital One and Discover's respective failures to reasonably investigate, Capital One and Discover both further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).
58. By inaccurately reporting account information after notice and confirmation of its errors, Capital One and Discover failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).
59. Moreover, Plaintiff received two separate written communications from Discover dated September 8, 2020.
60. One letter informed Plaintiff that Discover had honored Plaintiff's fraud dispute while the other letter rejected it.
61. On information and belief, Discover remains on Plaintiff's Credit Reports as of the date of this filing.
62. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their investigations and/or reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

63. Equifax, Experian, and, Trans Union also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.
64. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute were fruitless.
65. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.
66. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.
67. Defendants' failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.
68. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.
69. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.
70. Defendants' conduct has caused Plaintiff emotional distress.
71. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.
72. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

73. Plaintiff's anxiety, frustration, stress, lack of sleep, nervousness, anger, and embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

74. Despite Plaintiff's repeated attempts, Capital One and Discover continue to pursue Plaintiff for an invalid debt and the Credit Bureaus permit said debt to be reported causing Plaintiff to suffer.

75. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

76. Similarly, the Credit Bureaus also received documents in connection with Plaintiff's disputes that directly contradicted the inaccurate credit reporting.

77. These documents should have caused the Credit Bureaus to remove the inaccurate information from Plaintiff's credit reports

78. By intentionally reporting continuing obligations, Defendants acted in conscious disregard for Plaintiff's rights.

79. To report an ongoing obligation despite the fraudulent nature of these accounts shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

80. This continued reporting has precluded Plaintiff from being able to purchase a home or to utilize Plaintiff's otherwise good credit.

81. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1681X (FCRA)

### [AGAINST ALL DEFENDANTS]

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

84. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

85. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA; and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

86. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: October 5, 2020                                               Respectfully submitted,

**LOKER LAW, APC**

By:    /s/ Matthew M. Loker
        MATTHEW M. LOKER, ESQ.
        ATTORNEY FOR PLAINTIFF